IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL JAMES NOLAN, # 09185-030, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-1340-NJR |
| | ) |
| AMAR SAWAR, M.D., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, an inmate in the United States Penitentiary in Marion ("Marion"), brings this action for alleged violations of his constitutional rights by a person acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Plaintiff claims that Defendant, a private physician under contract with the Federal Bureau of Prisons ("BOP"), has been deliberately indifferent to his serious medical needs.

In his complaint, Plaintiff states that he has been treated by Defendant Sawar since 2009 (Doc. 1, p. 1). Defendant Sawar is described as being self-employed at a "Neurology, Arthritis Clinic" in Carbondale, Illinois. *Id*. Plaintiff does not describe his medical condition, other than to say that he suffers from constant and debilitating pain and swelling in various parts of his body (Doc. 1, p. 5). Despite being under the care of Defendant Sawar, Plaintiff is still having acute pain and experiencing swelling. According to Plaintiff, Defendant Sawar "has incorrectly diagnosed plaintiff's medical conditions and provided inappropriate and ineffective medication, medication that typically treats unrelated illnesses or conditions. These medications,

inappropriately administered, expose him [to] dangerous effects." *Id*. Plaintiff asserts that based on these facts, Defendant Sawar is in violation of the Eighth Amendment, for deliberate indifference to a serious medical need. *Id*.

Plaintiff seeks monetary damages and unspecified injunctive relief (Doc. 1, p. 6).

**Previous Litigation Against Defendant Sawar**

On August 28, 2013, Plaintiff brought a civil rights claim in this Court against several Marion medical providers, including Defendant Sawar. *Nolan v. Brooks, et al.*, Case No. 13-cv-895-NJR-DGW. That 2013 case shall be referred to herein for clarity as "*Nolan I*." *Nolan I* is still pending, but that lawsuit was allowed to proceed only against physician's assistant Leslee Brooks and health administrator Randall Pass (in his official capacity). *See* Doc. 5 in *Nolan I*.

Plaintiff's complaint in *Nolan I* contained allegations against Defendant Sawar that are nearly identical to those in the instant complaint (Docs. 1, 23 in *Nolan I*). He claimed that Defendant Sawar incorrectly diagnosed his condition and gave him medications for conditions he does not have. He concluded that Defendant Sawar's actions both violated the Eighth Amendment and constituted medical malpractice (Doc. 1, p. 5; Doc. 23, p. 5 in *Nolan I*). The complaint in *Nolan I* contained additional information about Plaintiff's condition, noting that he suffers from Carpal Tunnel Syndrome and Raynaud's Disease. His claims against Defendant Brooks included the allegation that she had failed to provide him with medication and gloves that had been prescribed to him by outside specialist Defendant Sawar.

Defendant Sawar was dismissed with prejudice from *Nolan I*. This Court explained that even if Defendant Sawar's actions did amount to medical malpractice, such wrongdoing would not violate Plaintiff's constitutional rights (Doc. 5, p. 6 in *Nolan I*). The order continued by explaining the legal standard for unconstitutional deliberate indifference to a medical need:

> "A prisoner's claim for deliberate indifference must establish (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition. Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted).

*Id*. Applying this rule to the factual allegations in the complaint in *Nolan I*, the Court concluded that Plaintiff failed to state a constitutional claim against Defendant Sawar on which relief may be granted:

> Nothing in Plaintiff's complaint indicates that Defendant Sawar was deliberately indifferent to a risk of harm to Plaintiff from his medical condition. Instead, Plaintiff says that Defendant Sawar recommended treatment for him and prescribed medications. These actions demonstrate that Defendant Sawar took "reasonable measures to meet a substantial risk of serious harm," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997), which is all that is required to pass constitutional muster. Indeed, part of Plaintiff's claim in Count 1 against Defendant Brooks is that she failed to give him the treatment that Defendant Sawar recommended.

(Doc. 5, p. 6 in *Nolan I*).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

Taking judicial notice of the factual allegations in *Nolan I*, as well as Plaintiff's statements in the new complaint that he continues to suffer from severe unrelieved pain and swelling, the Court concludes that Plaintiff indeed suffers from an objectively serious medical condition. *See Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). The key question is whether Defendant Sawar's response to that condition amounted to deliberate indifference in

violation of the Eighth Amendment.

Plaintiff has already made one attempt to bring a deliberate indifference claim against Defendant Sawar, in *Nolan I*. When the Court dismissed that claim, Plaintiff was told that in order to establish deliberate indifference, he must show that the defendant is aware that Plaintiff has a serious medical condition and that Plaintiff faces a substantial risk of harm if the condition is not treated. *See Gomez*, 680 F.3d at 865. Armed with that knowledge, the defendant must then either act or fail to act in disregard of the risk of harm to Plaintiff. *Id*. When a prisoner's complaint shows that a defendant has in fact attempted to treat the medical condition and has prescribed medication or other measures to mitigate the prisoner's symptoms, these facts generally defeat a constitutional claim for deliberate indifference. *See Forbes*, 112 F.3d at 267. This is why Plaintiff's claims against Defendant Sawar were dismissed in *Nolan I*. Malpractice, negligence, or an incorrect diagnosis simply do not give rise to a constitutional claim. Likewise, the mere fact that a physician has prescribed a treatment that proved ineffective does not state a claim that is cognizable in a federal civil rights case. *See Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008).

The threshold order in *Nolan I* also explained that a statement claiming that a defendant "is in violation of the Eighth Amendment" is a legal conclusion which is insufficient to state a constitutional claim against that individual (Doc. 5, p. 5 in *Nolan I*). *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). This Court further explained that:

> In order for a complaint to survive § 1915A review, it must include "*factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added).

(Doc 5, p. 5 in *Nolan I*).

Despite these explanations, Plaintiff now has filed a complaint in the instant case which

suffers from the same deficiencies that led to the dismissal of his earlier claim against Defendant Sawar in *Nolan I*. The only factual allegations describing Defendant Sawar's conduct are that he incorrectly diagnosed Plaintiff's condition and provided treatment (medication) that was inappropriate and ineffective. Plaintiff again relies on his own legal conclusions that Defendant Sawar was deliberately indifferent to his medical needs, in violation of the Eighth Amendment, without providing any factual account that might support this claim.

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

The instant complaint does not come close to stating a plausible constitutional claim upon which relief may be granted. Defendant Sawar's alleged failure to provide effective treatment, in and of itself, does not violate the Constitution. *Duckworth*, 532 F.3d at 680. Plaintiff claims that Defendant Sawar has also failed to correctly diagnose his condition. However, mere disagreement with a physician's diagnosis or chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). Even a difference of opinion between medical professionals concerning the treatment of an inmate will not support a claim for

deliberate indifference. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *see also Garvin*, 236 F.3d at 898. In the instant case, the difference of opinion is between Plaintiff, who does not appear to have any medical expertise, and Defendant Sawar, whom Plaintiff has described as a specialist in his medical field. Plaintiff's disagreement and dissatisfaction with Defendant Sawar's diagnosis and treatment plan does not amount to a constitutional violation, nor does it demonstrate that Defendant Sawar was deliberately indifferent to Plaintiff's serious medical condition.

For these reasons, this action is subject to dismissal for failure to state a claim upon which relief may be granted. As noted above, this case represents Plaintiff's second attempt to bring a claim against Defendant Sawar. Instead of making any effort to correct the deficiencies in the complaint as explained in the order dismissing Defendant Sawar from *Nolan I*, however, Plaintiff included even *fewer* facts in the instant action regarding Defendant Sawar's conduct. The only change he made was to omit any reference to medical malpractice, focusing instead on his bald assertion that Defendant Sawar violated the Eighth Amendment. Essentially, Plaintiff resubmitted the same claim in this action that was dismissed in *Nolan I*, without making any substantive changes. As a result, this Court has now been required to expend more of its scarce resources to review the same meritless claim for a second time.

In managing *pro se* litigation, this Court regularly allows and even directs prisoner-plaintiffs to submit an amended complaint in order to correct pleading deficiencies, where the original allegations indicate that there may indeed have been a constitutional violation. The Court is cognizant of the general rule in this Circuit that leave to amend a complaint should ordinarily be allowed, unless it is clear that any attempt to amend the complaint would be futile. *See* FED. R. CIV. P. 15(a); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). Plaintiff,

however, has in effect already had an opportunity to amend his claim against Defendant Sawar. He had the benefit of this Court's discussion of the deficiencies in his original claim in *Nolan I*, yet he failed to heed any of the Court's directions when he made his second attempt at drafting a viable complaint. The instant complaint fails to suggest any deliberate indifference, and it gives no indication that further amendment would be anything but futile.

In light of this specific litigation history, the Court concludes that it is not appropriate to offer Plaintiff another opportunity to amend his complaint in the instant case. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (court may deny leave to amend complaint where plaintiff has previously failed to cure deficiencies in his pleading or where amendment would be futile) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). This action shall therefore be dismissed, and the dismissal shall count as a "strike" under 28 U.S.C. § 1915(g).

However, the dismissal of this action shall be without prejudice. This means that Plaintiff may file a new case against Defendant Sawar if he believes that he can show, with sufficient factual support, that Defendant Sawar indeed violated his constitutional rights, and that Defendant Sawar is subject to suit in a *Bivens* claim. Based on documents included with Plaintiff's complaint in *Nolan I*, he was treated by Defendant Sawar at least as recently as March 2013. Therefore, it appears that the applicable statute of limitations has not yet expired, and Plaintiff will not be unduly prejudiced by the dismissal of this action.

**Pending Motion**

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 3) shall be addressed in a separate order.

**Disposition**

For the reasons stated above, this action is **DISMISSED without prejudice** for failure to state a constitutional claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[1] remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[2] may toll the

---

[1] The fee shall be $350.00 if Plaintiff's motion for leave to proceed IFP is granted. If the IFP motion should be denied, he will owe a fee of $400.00, which includes a $50.00 administrative fee which is waived for indigent plaintiffs.

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).

30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

**IT IS SO ORDERED.**

**DATED:  December 23, 2014**

_____
NANCY J. ROSENSTENGEL
United States District Judge